UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**IAN ROTH,**

    Plaintiff,

v.                                               Case No. 18-CV-1431

**THE WALSH CO., INC.,**

    Defendant.

---

### DECISION AND ORDER ON DEFENDANT'S
### MOTION TO DISMISS COUNT TWO OF COMPLAINT

---

Ian Roth, a professional photographer, sues The Walsh Co., Inc. d/b/a Walsh Products, for copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.* stemming from Walsh's allegedly infringing use of Roth's copyrighted photograph of a horse. Walsh moves to dismiss Count Two of Roth's complaint—the DMCA claim—because it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Walsh's motion to dismiss is denied.

### BACKGROUND

Roth alleges that he is a professional photographer based in Casselberry, Florida who licenses production, display, and distribution rights of his photographs. (Compl. ¶ 1, Docket # 1.) In April 2011, Roth created and was the sole author of a photograph depicting a close-up image of a horse's face. (*Id.* ¶ 7.) Beginning around July 2012, Roth displayed the photograph on his professional website. (*Id.* ¶ 8.) Roth registered the photograph with the

United States Copyright Office effective October 3, 2017 and supplemented on July 19, 2018. (*Id.* ¶ 9 and Ex. A.)

Roth alleges that Walsh owns and operates the website located at http://www.walshproducts.com, as well as Facebook and Instagram pages. (*Id.* ¶¶ 11–13.) On or around April 29, 2014, Roth alleges that Lindsey Weber, a Sales/Marketing Specialist for Walsh, contacted Roth through Facebook Messenger regarding the availability of the photograph for a two-page spread in Walsh's printed catalogue. (*Id.* ¶ 14.) Roth alleges he discussed Walsh's use of the photograph in the catalogue and on June 24, 2014, Roth sent a digital file of the photograph to Walsh stating, "All I ask is for the photo to be credited to Ian Roth (as you've already stated) and that I get a few copies of the catalog when it is printed." (*Id.* ¶ 15.) Roth alleges that the only use of the photograph the parties discussed was for the printed catalog. (*Id.* ¶ 16.)

In September 2016, Roth discovered that Walsh had reproduced and displayed the photograph on its website, its Facebook page, and its Instagram page, using the photograph to promote the business and sale of Walsh's equestrian equipment. (*Id.* ¶¶ 19–20.) Roth alleges that Walsh reproduced, displayed, and distributed the photograph on its websites without any attribution to Roth. (*Id.* ¶ 22.) Roth further alleges that Walsh included its own company name or trademarked logo on or directly adjacent to each unauthorized display of the photograph in each of the alleged infringements. (*Id.* ¶ 23.)

Roth, through counsel, sent a letter to Walsh on May 22, 2017 giving notice that the reproduction, display, and distribution of the photograph was unauthorized and asked Walsh to cease use of the photograph. (*Id.* ¶ 24.) However, as of the September 12, 2018 filing of this lawsuit, six of the nine alleged infringements were still active. (*Id.* ¶ 26.)

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

**ANALYSIS**

Walsh moves to dismiss Count Two of Roth's complaint. In Count Two, Roth alleges that Walsh violated the DMCA by providing and distributing false copyright management information ("CMI"), in violation of 17 U.S.C. § 1202(a)(1)–(2). (Compl. ¶¶ 34–39.) The DMCA provides that "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement-- (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a)(1)–(2). The DMCA defines CMI as "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: . . . ." 17 U.S.C. §1202(c). The statute goes on to list eight types of CMI, as relevant here: (2) the name of, and other identifying information about, the author of the work; (3) the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright; and (7) identifying numbers or symbols referring to such information or links to such information. (Compl. ¶ 35.)

Here, Roth alleges that Walsh's company name and trademarked logo constitutes CMI, and Walsh provided false CMI in violation of §1202(a) by Walsh placing its name and logo on or directly adjacent to Roth's photograph. (*Id.* ¶¶ 23, 35–36.)

Walsh counters with two arguments, the first of which is easily disposed of. Walsh first argues that while the complaint alleges that Walsh's company name and trademarked logo constitute CMI and alleges that Walsh used false CMI, it fails to explicitly make the

link that the false CMI is in fact Walsh's company name and trademarked logo. (Def.'s Reply Br. at 1–2, Docket # 16.) I disagree. The complaint plainly alleges that the false CMI is Walsh's company name and trademarked logo and that by placing its name and logo on or directly adjacent to Roth's photograph, Walsh provided false CMI in violation of §1202(a). (Compl. ¶¶ 23, 35–36.) The link is therefore clear.

Next, and what is the crux of Walsh's motion, is that the plain language of § 1202(c) excepts from the definition of CMI "any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work." (Def.'s Br. at 3–4, Docket # 12.) Walsh reasons that because Roth's complaint defines Walsh as a "user" of the photograph (i.e., by alleging that Walsh used the photograph for commercial promotion of its equestrian equipment) and because personally identifiable information includes names, the name of a user of a work is not, and cannot, be CMI. (*Id.* at 4.)

Section 1202 seeks to protect the "[i]ntegrity of copyright management information." Section 1202(a) prohibits the provision of false CMI, while § 1202(b) prohibits the removal or alteration of CMI. In essence, under Walsh's theory, if one takes another's work and places his or her own name on it, because he or she is using "personally identifying information about a user of a work," he or she cannot violate § 1202(a). Rather, under Walsh's rationale, it would seem § 1202(a) could only be invoked in the unlikely situation that one provides some *other* false name on another's work rather than his or her own. While this situation is possible, it appears the more typical situation in which this statute is invoked is when the alleged infringer either removes the plaintiff's CMI and adds the alleged infringer's CMI to the work (thus invoking both § 1202(a) and (b)), or the alleged infringer simply adds his or her CMI to the plaintiff's work without removing the plaintiff's CMI (the

situation alleged in Roth's case). *See, e.g.*, *Tierny v. Moschino S.P.A.*, No. 15-CV-5900, 2016 WL 4942033, *3–4 (C.D. Cal. Jan. 13, 2016) (defendant allegedly violated § 1202(a) by adding its brand name to plaintiff's artwork, suggesting defendant was the author of the design, and § 1202(b) by removing CMI on plaintiff's artwork and placing the artwork on defendant's clothing). The argument, obviously, is that by placing his or her own name on the plaintiff's work, the alleged infringer attempts to obtain a benefit by passing off the plaintiff's work as the alleged infringer's own work.

In *Tierny,* the defendants raised Walsh's same argument before the Central District of California. The court summed up the fallacy of this logic well: "Defendants' argument falls short on a logical basis. As Plaintiff argues, taking Defendants' theory to the extreme, virtually any person who took another's work and placed then [sic] name or brand on it could be considered a 'user of a work' rather than an infringer, and escape liability." *Id.* at *3. Clearly that is not the intent of the statute, which is to protect the integrity of CMI by prohibiting the provision of false CMI. It cannot be, and Walsh has provided no authority in support, that an alleged infringer can escape liability under § 1202(a) simply because the false CMI put forth is the alleged infringer's own name.

Thus, because Roth's complaint properly alleges that Walsh included its own company name or trademarked logo on or directly adjacent to each unauthorized display of Roth's copyrighted photograph, and alleges sufficient facts to indicate Walsh did so knowingly and with the intent to induce, enable, facilitate, or conceal infringement, Roth's complaint properly states a claim upon which relief can be granted. Walsh's motion to dismiss is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 11) is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of January, 2019.

          BY THE COURT

          *s/Nancy Joseph*
          NANCY JOSEPH
          United States Magistrate Judge